■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWAYNE EDWARDS, Appellant. [711 NYS2d 326] —Appeal by the defendant from two judgments of the County Court, Nassau County (Kowtna, J.), both rendered November 10, 1998, convicting him of burglary in the second degree under S.C.I. No. 2768N/98 and criminal possession of stolen property in the fifth degree under S.C.I. No. 2769N/98, upon his pleas of guilty, and imposing sentences. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which she moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion to be relieved of the assignment to prosecute the appeals is granted, Luise M. Klein is relieved as attorney for the defendant, and she is directed to turn over all papers in her possession relating to the appeal from the judgment to new counsel assigned herein; and it is further,

Ordered that Leon Tracy, 366 N. Broadway, Suite 310, Jericho, N. Y. 11753-2826, is assigned as counsel to perfect the appeals from the judgments; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on

behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order, and the appeals are held in abeyance in the interim.

Based upon this Court's independent review of the record on the appeals from the judgments, we conclude that an arguable issue exists as to whether, after the court failed to impose the sentence represented to the defendant at the time of his pleas as being the maximum sentence which would be imposed, the defendant should have been given the opportunity to withdraw his plea (*see, Santobello v New York,* 404 US 257; *People v Selikoff,* 35 NY2d 227, 239, *cert denied* 419 US 1122).

Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel on the appeal from the judgment is granted and new appellate counsel is assigned (*see, People v Casiano,* 67 NY2d 906). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.